**Dated: July 31, 2024**

**The following is ORDERED:**



*Paul R. Thomas*
PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In re:

SHAWN J. BATT                                   Case No. 24-80055-PRT
JO ANN BATT,                                    Chapter 7
      Debtors.

### ORDER REGARDING U.S. TRUSTEE'S MOTION TO DISMISS

Before the Court is the Motion to Dismiss Case filed by the United States Trustee pursuant to 11 U.S.C. § 707(b).[1] After review of the record, stipulations and relevant legal authorities, the Court finds that good cause exists to dismiss this case. However, the Court will delay the entry of an order of dismissal to allow the Debtors an opportunity to convert this case in lieu of dismissal.

### Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and § 1334(a). A motion to dismiss is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.

---

[1] ECF No. 15.

§ 157(b)(2)(A). This Order constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 9014.

### Findings of Fact

This Court held a hearing on the Motion to Dismiss on June 12, 2024. During that hearing, the parties informed the Court that the only issue to resolve was a legal one which could be submitted on briefs. They also advised that they were likely to submit a stipulation regarding the facts of this case and would not require an evidentiary hearing. Nevertheless, the Court set the matter for an evidentiary hearing. Prior to the evidentiary hearing, the Debtors and the U.S. Trustee filed a Stipulation of Facts regarding the Motion to Dismiss ("Stipulation").[2] Each party also filed a brief in support of their position.[3] Counsel for the parties advised the Court that all relevant facts were set forth in the Stipulation, that they wished to stand on their briefs, and requested that the evidentiary hearing be stricken. Based on the representations of counsel, the Court struck the evidentiary hearing and took the matter under advisement.

The Court hereby adopts as its findings of fact and incorporates herein by reference the Stipulation of Facts submitted by the parties. The Court has attached the Stipulation as Exhibit A.

### Conclusions of Law

The U.S. Trustee seeks dismissal of this case pursuant to 11 U.S.C. § 707(b)(1) and (3).[4] Section 707(b)(1) provides that a case filed under chapter 7 by an individual with primarily consumer debts may be dismissed, or, with the debtor's consent, converted to chapter 11 or 13, if

---

[2] ECF No. 27.
[3] ECF No. 28, U.S. Trustee's Brief in Support of Motion to Dismiss; ECF No. 34, Debtors' Brief in Opposition to Motion to Dismiss.
[4] Unless otherwise noted, all statutory references herein are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.

the court finds that granting a discharge would be an abuse of the provisions of chapter 7. To determine whether "abuse" exists, §707(b)(3) instructs courts to consider "(A) whether the debtor filed the petition in bad faith; or (B) the totality of the circumstances … of the debtor's financial situation demonstrates abuse." The U.S. Trustee's Motion and Brief relies solely on §707(b)(3)(B), the totality of the Debtors' financial circumstances, focusing on their ability to repay their unsecured debts as cause for dismissal. The Debtors argue that they do not have the ability to repay their debts in a chapter 13 because, as their Schedule J reflects, they have budgeted the payment of $1,000 each month on Jo Ann Batt's student loan debt. They stipulate that the two student loans are nonpriority unsecured obligations.[5] They also stipulate that their desired payment of $1,000/month is more than the required monthly payment for both loans.[6]

As both parties note, a "totality of circumstances" test was adopted by the Tenth Circuit in *In re Stewart,*[7] a pre-BAPCPA case involving dismissal pursuant to §707(b) when the standard was "substantial abuse." *Stewart* held that an abuse analysis under §707 must be made on a case-by-case basis.[8] A debtor's ability to repay debts "is a primary factor in determining whether 'substantial abuse' occurred", but "other relevant or contributing factors, such as unique hardships, must also be examined before dismissing a Chapter 7 petition."[9] Relevant factors include:

1) unique hardships, such as sudden illness, calamity, disability, or unemployment;

2) whether cash advances and consumer purchases far exceed ability to pay, which may indicate an extravagant lifestyle;

3) whether the debtor enjoys a stable source of future income;

---

[5] Stipulation, ¶6.
[6] Stipulation, ¶32.
[7] 175 F.3d 796 (10th Cir. 1999).
[8] *Id.* at 809.
[9] *Id.*

4) whether the debtor's expenses can be reduced without depriving them of adequate food, clothing, shelter and other necessities;

5) whether the debtor is eligible for relief under chapter 11 or 13;

6) whether the debtor demonstrates good faith in filing for chapter 7 relief;

7) whether the debtor's schedules accurately reflect the true financial condition.[10]

Based on the Debtors' financial condition set forth in the Stipulation, the Debtors have the ability to pay a significant dividend to their unsecured creditors through a chapter 13 plan. As of the Petition date, their annual income was over $95,000.00. Median income for a family of three in Oklahoma is $78,963.00. The Debtors' net monthly income is $6,790.27. After deducting monthly expenses listed on Schedule J, which includes $1,000.00 for the student loans, the Debtors have net monthly income of $1,010.27. Over a sixty-month chapter 13 plan, the Debtors would be able to pay non-student loan unsecured creditors approximately $60,616.20, or a 93.9% distribution. If the IRS expense standards for a family of three are substituted for the Debtors' Schedule J expenses and the Debtors also pay $1,000 a month on the student loans, the Debtors would have a net monthly income of $273.27 available to pay non-student loan unsecured creditors, which would be a distribution of approximately $16,396.20, or 25.4%.[11] Even if the Court only considered the Debtors' Schedules, and not the actual income figures included in the Stipulation, the Debtors have an ability to pay approximately $12,949.80, or a 20% distribution to non-student loan unsecured creditors. The Court concludes that the Debtors have an ability to pay unsecured creditors.

---

[10] *Id.* at 809-810.
[11] Stipulation, ¶40.

Citing *Stewart,* the Debtors urge the Court to consider other relevant factors and find that dismissal is not warranted.[12] The Court notes that there are no allegations of extravagant spending or inability to pay debts when incurred, no allegations that their future source of income is unstable, and no allegations that they are unable to reduce expenses without depriving themselves of necessities. The Debtors stipulate that they are eligible for relief under chapter 13.[13] The Stipulation corrects some information included in their Schedules. Their actual net monthly income is $6,790.27, greater than that reflected in Schedule I.[14] Although they originally scheduled Jo Ann Batt's student loans as priority debts, they stipulate that these loans are actually nonpriority unsecured obligations.[15] The U.S. Trustee has not suggested that these discrepancies were purposeful or provide support for a finding of abuse and the Court will not infer that from the record.

Continuing with the analysis of the *Stewart* factors, the Debtors suggest that the student loans pose a unique hardship to them and that their chapter 7 case was filed in good faith, factors which weigh against dismissal. These debts are nondischargeable, continue to accrue interest, and pose a significant burden and hardship for them which will not change by converting to chapter 13. The Debtors also urge the Court to recognize that their proposal to devote nearly all discretionary income to paying off the student loans in five years by paying more than the required monthly payment represents a commitment to financial responsibility and suggests that their case was filed in good faith.

---

[12] ECF No. 34, ¶3.
[13] Stipulation, ¶36.
[14] Stipulation, ¶23.
[15] Stipulation, ¶6.

As the Debtors have stipulated, the student loan debt is not entitled to priority or preferential treatment under the Bankruptcy Code. All unsecured creditors are entitled to be treated equally, regardless of whether the debt will survive the bankruptcy and be nondischargeable.[16] The Debtors' proposal favors the unsecured student loan creditor over other unsecured creditors, a result that "goes against the core principle of bankruptcy that similarly situated creditors are entitled to an equal distribution of estate assets."[17]

While the Court is sympathetic to the Debtors' situation and agrees that the non-dischargeable student loan debt of $57,205.00 is a significant financial burden, it represents 47% of their total unsecured debt. Over a sixty-month chapter 13 plan, the accumulated interest on both loans would total $13,357.53.[18] If the Debtors paid 62.73% of their non-priority unsecured debts in a sixty-month plan, distributions on the student loans would total $36,300.21.[19] The student loan debt would not continue to increase in principal over a sixty-month plan. Instead, under this scenario, there would be a substantial reduction in the principal owed on the loans and there would also be a substantial distribution to other unsecured creditors.

For these reasons, the Court finds that under the totality of the circumstances presented in this case, allowing chapter 7 relief to these debtors would constitute an abuse under § 707(b)(1). Therefore, the U.S. Trustee's Motion to Dismiss should be granted.

## Order of the Court

For the reasons stated herein, the Court finds that the granting of chapter 7 relief in this case constitutes abuse pursuant to 11 U.S.C. § 707(b)(1). Therefore, unless the Debtors choose to

---

[16] *In re Jordan,* 428 B.R. 430, 435-436 (Bankr. N.D. Ohio 2010).
[17] *Id.* at 435 (citation omitted.)
[18] Stipulation, ¶¶30,31.
[19] Stipulation, ¶35.

convert this case, the Motion to Dismiss Case filed by the United States Trustee pursuant to 11 U.S.C. § 707(b) will be granted and this case will be dismissed.

      IT IS HEREBY ORDERED that the Debtors shall have until August 14, 2024, to file a motion to convert this case.

      IT IS FURTHER ORDERED that should the Debtors not choose to file a motion to convert this case by August 14, 2024, the Court will enter an order of dismissal without further notice.

###

Exhibit A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

IN RE: )
)
SHAWN J. BATT, ) Case No. 24-80055
JO ANN BATT, ) Chapter 7
)
Debtors. )

**STIPULATION OF FACTS CONCERNING UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. § 707(b) AND THE RESPONSE AND OBJECTION TO UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. § 707(b)**

Shawn J. Batt and Jo Ann Batt (the "Debtors" or "Mr. Batt" or "Ms. Batt" as the case may be) and Ilene J. Lashinsky, United States Trustee for Region 20 (the "U.S. Trustee") stipulate as follows:

1. On January 31, 2024 (the "Petition Date"), the Debtors filed a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.[1]

2. The Debtors' Petition and Schedules reflect primarily consumer debts as defined by § 101(8).

3. The Debtors have a ten (10) year old dependent daughter and are therefore a family of three (3).

4. The Debtors own their home free and clear of liens and encumbrances in Arkoma, Oklahoma. On the Petition Date, the Debtors resided in Le Flore County, Oklahoma.

5. The Debtors' have two (2) secured debts for automobile loans which total approximately $52,260.00. Both automobile loans have been reaffirmed.

6. The Debtors' schedules set forth two (2) priority debts totaling $57,205.00. These

---

[1] Unless otherwise indicated, all statutory references shall refer to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

debts are Ms. Batt's student loan obligations and are not priority debts pursuant to § 507. These debts are nonpriority unsecured obligations.

7. The Debtors' schedules set forth non-priority unsecured debts totaling $64,585.25.

8. If Ms. Batt's student loan obligations are added to the listed non-priority unsecured debts, the Debtors' non-priority unsecured debts total $121,790.25.

9. Mr. Batt works as the warehouse manager at Davis Floor Covering. Mr. Batt has worked at Davis Floor Covering for approximately four (4) years.

10. Schedule I states that Mr. Batt's gross monthly income is $3,442.08 and his net monthly income is $3,002.72.

11. Mr. Batt is paid bi-weekly.

12. Prior to November 3, 2023, Mr. Batt's bi-weekly check was $1,480.00 and his net check was $1,282.55.

13. Since November 3, 2023, Mr. Batt's bi-weekly check has been $1,680.00 and his net check has been $1,437.83. All deductions are for tax withholdings.

14. As of the Petition Date, Mr. Batt's gross monthly income is $3,640.00 and his net monthly income is $3,115.30. All deductions from Mr. Batt's pay are for tax withholdings.

15. Mr. Batt's employment and monthly income have not changed since the Petition Date.

16. Ms. Batt is a teacher at Dallas Street Head Start. Ms. Batt was employed at Dallas Street Head Start for approximately four (4) months as of the Petition Date.

17. Schedule I states that Ms. Batt's gross monthly income is $3,458.78 and her net monthly income is $2,993.11.

18. Ms. Batt is paid bi-weekly.

19. Ms. Batt's bi-weekly check is $2,069.38 and her net check is $1,696.13. All deductions are for tax withholdings and insurance.

20. As of the Petition Date, Ms. Batt's gross monthly income is $4,483.66 and her net monthly income is $3,674.97.

21. Ms. Batt's employment and monthly income have not changed since the Petition Date.

22. Schedule I states the Debtors' gross monthly income is $6,880.86 and their net monthly income is $5,995.83.

23. As of the Petition Date, the Debtors' gross monthly income is $8,123.66 and their net monthly income is $6,790.27.

24. As of the Petition Date, the Debtors annual income is in excess of $95,000.

25. As of the Petition Date, median income for a family of three (3) in Oklahoma was $78,963.00.

26. Schedule J shows total expenditures of $5,780.00. The expenditures include student loan payments of $1,000.00.

27. Schedule J shows excess income of $215.83.

28. Ms. Batt owes two (2) student loans totaling approximately $57,867.38.

29. One of the student loans has a current balance of $21,093.76 with an interest rate of 6.080% ("Student Loan 1"). The next payment is due on October 10, 2024. The other student loan has a current balance of $36,773.62 with an interest rate of 3.125% ("Student Loan 2"). The next payment is due on December 10, 2024. Both Student Loan 1 and 2 are in administrative forbearance.

30. Over sixty (60) months, the accumulated interest on Student Loan 1 would be

approximately $7,241.13.

31. Over sixty (60) months, the accumulated interest on Student Loan 2 would be approximately $6,116.40.

32. Over the next five (5) years, the Debtors wish to pay a total of $1,000 per month to Student Loan 1 and to Student Loan 2, which is more than the required monthly payment for Student Loan 1 and Student Loan 2.

33. Attached as Exhibit "A" is a calculation of the Debtors' disposable income using the Debtors' net income and IRS expense standards for a family of three (3) in LeFlore County, Oklahoma. Without consideration of payments on the student loans, the Debtors' monthly disposable income is $1,273.27. Over sixty (60) months, the Debtors disposable income is $76,396.20.

34. Without consideration of payments on the student loans, the Debtors could pay 62.73% of their non-priority unsecured debts over sixty (60) months.

35. If the Debtors paid 62.73% of their non-priority unsecured debts over sixty (60) months, Student Loan 1 would receive a distribution of approximately $13,232.12 and Student Loan 2 would receive a distribution of approximately $23,068.09.

36. The Debtors are eligible for chapter 13 relief.

37. On May 3, 2024, the U.S. Trustee filed the United States Trustee's Motion to Dismiss Case Pursuant to 11 U.S.C. § 707(b), Doc. No. 15 (the "Motion to Dismiss").

38. The Motion to Dismiss was timely filed.

39. On May 17, 2024, the Debtors filed the Response and Objection to the United States Trustee's Motion to Dismiss Case Pursuant to 11 U.S.C. § 707(b), Doc. No. 19.

40. If the Debtors are allowed to pay the student loans on a 5-year plan, their disposable

income would be $273.27.

41. Student loans are not dischargeable pursuant to bankruptcy code 11 U.S.C. § 523(a)(8).

WHEREFORE, the Debtors and the U.S. Trustee submit these stipulations as set forth above.

Dated: July 9, 2024.


LAWSON & GRANT, PC

s/Nicholas E. Grant
Ronald H. Lawson, OBA #5239
Nicholas E. Grant, OBA #30865
PO Box 127
Spiro, OK 74959
(918) 962-2436
rhl@spiro-law.com
neg@spiro-law.com
Attorneys for the Debtor

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

s/Karen Walsh
Karen Walsh, OBA #14690
Mary E. Kindelt, OBA #21728
224 S. Boulder, Suite 225
PO Box 3044
Tulsa, OK 74101
(918) 581-6670
(918) 581-6674 [fax]
Karen.walsh@usdoj.gov

**BATT, SHAWN & JO ANN**
Case#:24-80055

| | Schedules J Amounts | Schedules I & J Totals | Differences | U.S. Trustee Computation | |
|---|---|---|---|---|---|
| **Schedule I Gross Income** | | $6,990.86 | $1,132.80 | $8,123.66 | |
| | | | | | |
| **Less: Payroll Deductions** | | | | | |
| Payroll Taxes | | $885.03 | $194.04 | $1,079.07 | |
| Insurance | | $0.00 | $254.32 | $254.32 | |
| Retirement Contributions (voluntary) | | $0.00 | $0.00 | $0.00 | |
| Other Deductions | | $0.00 | $0.00 | $0.00 | |
| TOTAL | | $885.03 | $448.36 | $1,333.39 | |
| | | | | | |
| **Net Income** | | $6,105.83 | $684.44 | $6,790.27 | |
| | | | | | |
| **Less: Schedule J Expenses** | | | | | |
| Home Mortgage / Rent (Taxes & Ins) | | $225.00 | $575.00 | $800.00 | IRS standard housing allowance. |
| Non-Mortgage / Utilities | | | | | |
| electric, heat, natural gas | $400.00 | | | | |
| water & sewer | $180.00 | | | | |
| telephone, cell phone, internet | $300.00 | | | | |
| Other (cell phone) | $0.00 | | | | |
| home maintenance | $200.00 | | | | |
| TOTAL | | $1,080.00 | ($342.00) | $738.00 | IRS standard utility allowance. |
| Food, Clothing, Household, etc. | | | | | |
| food & housekeeping supplies | $700.00 | | | | |
| clothing, laundry & dry cleaning | $100.00 | | | | |
| personal care products & services | $25.00 | | | | |
| entertainment & recreation | $100.00 | | | | |
| other household expenses | $0.00 | | | | |
| TOTAL | | $925.00 | $775.00 | $1,700.00 | IRS standard food & clothing allowance. |
| | | | | | |
| Transportation Expense | | $350.00 | $134.00 | $484.00 | IRS standard vehicle operating expense allowance (two financed vehicles). |
| | | | | | |
| Transportation Ownership | | | | | |
| Car payments | $1,300.00 | | | | |
| Vehicle Insurance | $450.00 | | | | IRS standard vehicle ownership expense allowance (two financed vehicles). |
| Taxes - car tags | | | | | |
| TOTAL | | $1,750.00 | ($492.00) | $1,258.00 | |
| | | | | | |
| Life Insurance | | $0.00 | $0.00 | $0.00 | |
| Health Insurance | | $0.00 | $0.00 | $0.00 | |
| Child Education Costs | | $0.00 | $0.00 | $0.00 | |
| Childcare | | $300.00 | $0.00 | $300.00 | |
| Student Loans | | $1,000.00 | ($1,000.00) | $0.00 | |
| Health Care (medical & dental) | | $150.00 | $87.00 | $237.00 | IRS standard medical expense allowance. |
| | | | $0.00 | $0.00 | |
| | | | | | |
| **Total Sch. J Expenses** | | $5,780.00 | ($263.00) | $5,517.00 | |
| | | | | | |
| **Net Income** | | **$6,105.83** | **$684.44** | **$6,790.27** | |
| **Less: Schedule J Expenses** | | **$5,780.00** | **($263.00)** | **$5,517.00** | |
| **Monthly Disposable Income** | | **$325.83** | **$947.44** | **$1,273.27** | |

60 month disposable income: $76,396.20
Total unsecured debt: $121,790.25
Potential payout to unsecured creditors: 62.73%